UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-5556 PA (JDE) | Date | October 2, 2026 |
| Title | Victor Ulises Pedroza Martinez v. Todd Lyons et al | | |

| | | |
|---|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is the Second Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("Second TRO Application") filed by petitioner Victor Ulises Pedroza Martinez ("Petitioner"). (Docket No. 9). Respondents have filed a response opposing the Second TRO Application. The Court has also reviewed Respondents' Answer to Petitioner's Petition for Writ of Habeas Corpus.

Petitioner's Second TRO Application seeks his immediate release from immigration detention. It additionally seeks an order prohibiting Respondents from transferring Petitioner outside this District or removing him from the United States while this proceeding remains pending.

The Court previously denied Petitioner's first application for a temporary restraining order. The Court concluded that, although the first application described serious medical circumstances involving Petitioner's eight-year-old daughter, the record did not establish that the short period necessary to resolve the Petition through the expedited procedures established by General Order No. 26-05 created an imminent risk of irreparable injury. The Court specifically noted that the first application did not identify a seizure or hospitalization after September 7, 2026, provide a current declaration from a treating physician describing an ongoing acute medical crisis, or establish that Petitioner's immediate release was medically necessary to prevent another seizure or neurological injury.

The Second TRO Application presents materially changed circumstances. According to the evidence submitted with that application, on September 26, 2026, Petitioner's daughter suffered a generalized seizure lasting approximately fifteen minutes after visiting Petitioner at the detention facility. Emergency medical personnel administered two doses of midazolam before the seizure stopped, and she was transported to Miller Children's & Women's Hospital Long Beach and admitted. As of September 29, 2026, she remained hospitalized without an anticipated discharge date. The record also reflects additional seizure-like and fainting episodes during the period following the first TRO Application.

The Court therefore disagrees with Respondents to the extent they contend that the Second TRO Application presents no new information. The new evidence demonstrates a serious and ongoing family medical crisis and materially strengthens Petitioner's showing of irreparable harm.

The new record nevertheless does not establish that the extraordinary remedy of immediate judicial release from immigration custody is warranted.

In denying the first TRO Application, the Court also observed that Petitioner had not identified the statutory provision authorizing his detention or analyzed the particular statutory framework governing his custody. Respondents' subsequently filed Answer now resolves that issue.

In Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), the Ninth Circuit held that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of 8 U.S.C. § 1226 rather than the mandatory detention provisions of § 1225(b)(2)(A). Respondents acknowledge that, under Rodriguez Vazquez, Petitioner "appears to be entitled to request and receive an initial bond hearing" pursuant to § 1226(a). Respondents further acknowledge that, to the extent Petitioner is entitled to relief in this proceeding, the appropriate remedy is, at most, an order requiring a bond hearing before an Immigration Judge pursuant to § 1226(a).

At such a hearing, Petitioner may present the circumstances on which he relies in seeking release, including his lack of criminal history, length of residence in the United States, employment history, family ties, and his daughter's present medical circumstances. The Immigration Judge may then determine, under the standards applicable to § 1226(a), whether Petitioner has demonstrated that he is not a flight risk or danger to the community and whether release on bond or other conditions is warranted.

This individualized procedure provides an available remedy considerably narrower than the immediate release Petitioner requests in his Second TRO Application. The present record does not establish that the Court should bypass that statutory process and itself order Petitioner immediately released. Although the circumstances involving Petitioner's daughter are unquestionably serious, they do not establish that immediate release without an individualized custody determination is required.

Respondents additionally contend that Petitioner has not exhausted his administrative remedies because he apparently has not yet requested a bond hearing before the Immigration Court. The Court need not resolve whether exhaustion would independently require denial of the Petition. Respondents acknowledge both that Petitioner appears entitled to an initial § 1226(a) bond hearing and that, if the Court orders such relief, requiring the hearing to occur

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-5556 PA (JDE) | Date | October 2, 2026 |
| Title | Victor Ulises Pedroza Martinez v. Todd Lyons et al | | |

within seven days would be consistent with relief previously ordered in similar cases. Under the circumstances presented here—including the serious and evolving medical circumstances involving Petitioner's daughter—the Court concludes that requiring Petitioner to commence an additional administrative process merely to obtain the bond hearing Respondents acknowledge is available would unnecessarily delay the individualized custody determination to which he appears entitled.

Accordingly, Petitioner's Second TRO Application is DENIED to the extent it seeks an order requiring his immediate release from immigration custody.

The Court nevertheless concludes that prompt consideration of Petitioner's eligibility for release under § 1226(a) is appropriate. Respondents shall therefore provide Petitioner with an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order. Respondents shall file a statement with the Court within three days from the date of the bond hearing, attesting to Respondents' compliance with this order.

Nothing in this Order expresses any view concerning whether Petitioner should ultimately be released on bond, the amount of any bond, or what conditions of release, if any, are appropriate. Those matters are committed in the first instance to the Immigration Judge applying the governing statutory and regulatory standards to the individualized circumstances presented.

Accordingly, the Application for a Temporary Restraining Order (Docket No. 9) is DENIED as moot.

IT IS SO ORDERED.